May Term,
1838.

RUNNION
v.
CRANE.

---

## RUNNION and Others *v.* CRANE and Another.

Neither rules to plead nor rule-days are authorised by our statute.

A party cannot be required to perfect his pleading by a certain day in vacation; but a day during the term at which the cause is called, or during the subsequent term, may be set for that purpose.

Upon the execution of a writ of inquiry after a judgment by default, in a suit on a promissory note, the execution of the note cannot be disputed; but the jury must be satisfied that the note produced is the same with that described in the declaration.

The jury of inquiry in such case is not obliged to disregard the note, because an erasure or alteration, which is unexplained, appears upon its face.

*Monday,*
*May 28.*

APPEAL from the *Tippecanoe* Circuit Court.

DEWEY, J.—This was an action of assumpsit. The plaintiffs below declared on a promissory note against the defendants as partners, by which they promised the plaintiffs to pay them in four months, &c.

At the term of the Circuit Court to which the process was returnable, the parties appeared, the cause was continued on the affidavit of the defendants, and they were *ruled* to plead within 60 days. This they failed to do. At the next term, the plaintiffs having made no attempt to take an interlocutory judgment against the defendants for failing to plead within the time limited by the Court, the defendants, before the calling of the cause, moved for leave to file the plea of non assumpsit, to which was appended an affidavit by one of the defendants, stating that the note mentioned in the declaration was originally drawn payable in five months instead of four, and in that form was executed by the defendants, in the name of their firm, he the affiant having, as one of the firm, affixed the signatures, and that the word "five" had been erased and "four" inserted in its stead without the consent or knowledge of the affiant, or, as he believed, of the other defendants; and that, therefore, the defendants did not make the note described in the declaration.

May Term, 1838.

RUNNION
v.
CRANE.

The Court rejected the plea, and gave judgment against the defendants for failing to plead within the time limited by the Court at the term before. A jury was impanelled to assess the damages. After the plaintiffs had produced the note to the jury, the defendants offered to prove the facts set forth in the affidavit, but the plaintiffs objecting to the admission of the testimony, it was rejected. The defendants then moved the Court to instruct the jury, that if they believed from the appearance of the note, that an erasure or alteration had been made in it, they must, in the absence of explanatory proof respecting such erasure or alteration, disregard that instrument in the assessment of damages. The instruction was refused, but the Court charged the jury, that they should be satisfied the note which the plaintiffs had given in evidence was the same described in the declaration. To all which the defendants excepted. The jury assessed the damages, and the Court rendered final judgment accordingly. From that judgment the defendants appeal.

The correctness of the decision of the Court, in rejecting the plea, must depend upon the construction of the 28th section of the practice act of 1831. That section provides, that if at the calling of the cause, the issue shall not be made up, the Court may enter judgment against the delinquent party,

May Term, 1838.

RUNNION v. CRANE.

"unless for good cause shown, they give him a further day in that or the succeeding term" to file his part of the pleading. The same section expressly dispenses with all rules to declare, plead, &c., and clearly contemplates, that if the issue shall be made up at the first, or, if time be given, at the next calling of the cause, no interlocutory judgment shall be entered. No rules to plead, or rule-days, are known to our system of practice as prescribed by law. We do not conceive, that the provision above quoted invests the Circuit Court with discretionary power to fix a time in vacation, at which either party shall be required to perfect his pleading, but that their discretion is limited to the right of setting a day for that purpose, during the term at which the cause is called, or during the subsequent term. The *rule*, as it is called, to plead in 60 days, therefore, could have no other effect, than to extend to the defendants the privilege of pleading before, or at the calling of the cause in the term to which it was continued. At that term, before the cause was called, the defendants offered their plea; and we think the Court erred in rejecting it.

Even had it been competent to the Court to rule the defendants to plead in vacation, it would have been erroneous to reject the plea which the defendants offered at the next term, for the 30th section of the same act provides, that "when the plaintiff might take an interlocutory judgment, but fails to do so, the defendant may file any plea to the merits of the action." The plaintiffs did fail to take such a judgment or to attempt to take it, the plea was to the merits, and tendered before the calling of the cause.

There was no error in rejecting the evidence which was offered by the defendants to the jury of inquiry, nor in refusing the charge which was asked, nor in giving that which was given (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the declaration set aside, with costs. Cause remanded, &c.

*J. Pettit, A. S. White,* and *R. A. Lockwood,* for the appellants.
*A. Ingram,* for the appellees.

(1) If a material alteration be made in a bill of exchange, or promissory note,—for example, in the date, sum, time when payable, &c.—after it has been once completed, such bill or note is void at common law, as against *any party not consenting* to the alteration; for it ceases to be the same instrument.

*Masters* v. *Miller*, 4 T. R. 320.—2 H. Bl. 141.—Chitt. on Bills, 9th Am. ed. 204. 1 Leigh's N. P. 388.

The alteration sometimes operates as an extinguishment of the debt for which the bill or note was given. Thus, where the vendee of goods paid for them by a bill which he drew on a third person, and the vendor, after acceptance, vitiated the bill by altering the time of payment, it was held that he could not recover the price of the goods from the vendee. *Alderson* v. *Langdale*, 3 B. & Ad. 660. But it is otherwise, where the buyer pays for the goods by his acceptance of a bill drawn by the seller, and the latter vitiates the bill by an alteration; in that case, the seller, after the day of payment has passed, may, on the dishonour of the bill, sue the acceptor for the price of the goods. *Atkinson* v. *Hawdon*, 2 Ad. & Ell. 628. The reason of the difference is, that in the last case, the rights of the debtor were not prejudiced by the alteration, but in the first they were.

If a bill or note appear upon its face to have been altered, the holder must prove that it was altered under circumstances which make it still available. Bailey on Bills, 98.—Byles on Bills, 177. Thus, in a suit by the indorsee against the acceptor of a bill, which appeared, on its face, to have been altered,—it was held, that the plaintiff was bound to show that the alteration had been made with consent of parties, or before the issuing of the bill. *Henman* v. *Dickinson*, 5 Bing. 183. So, where a bill, the appearance of which left it uncertain whether it had been altered before or immediately after its issue, was submitted to a jury, with a direction that if from its appearance they believed the alteration was made before the bill was completed and while the ink was wet, they should find for the plaintiff,—the Court set aside the verdict so found, on the ground that the plaintiff ought to have shown, by extrinsic evidence, that the alteration had been properly made. *Knight* v. *Clements*, 3 Nev. & Perr. 375.

The principle of the two decisions last cited does not affect the case of *Runnion et al.* v. *Crane et al.* in the text, as the note in that case was admitted by the default. The opinion in the text, on the subject, is supported by the following case: In an action by an indorsee against the indorser of a bill of exchange, the pleas denied the indorsement, the presentment, and the due notice of dishonour, and alleged the want of consideration. At the trial, the bill appeared to have been altered from the 15th to the 10th of *December*. It was held, that it was not incumbent upon the plaintiff to explain the alteration, because the making of the bill was admitted on the record. *Sibley* v. *Fisher*, 2 Nev. & Perr. 430.